NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
28633
16-DEC-2010
08:01 AM**

NO. 28633

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BERNARD K.B. YOUNG, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 07-1-1034)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Bernard K.B. Young (Young) appeals from a June 6, 2007 Family Court of the First Circuit[1] (family court) judgment of conviction for Abuse of a Family or Household member, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2009).

Young argues on appeal (1) that there was insufficient evidence to disprove his claim that he acted in self defense, (2) that there was insufficient evidence that Young "physically abused" the complainant, his nephew, or that he acted with the requisite state of mind, and (3) that the family court abused its discretion in admitting testimony about a previous altercation between Young and the complainant.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Patrick W. Border presided.

the arguments advanced and the issues raised by the parties, as well as the relevant law, we conclude the following:

(1) The prosecution adduced sufficient evidence to disprove Young's self-defense claim. Young's brother, who is also the complainant's uncle, testified that Young grabbed him first and the complainant came over to help detain Young. Young testified that his brother grabbed him first. The complainant, however, testified that he pushed Young first. "[T]his court will not attempt to reconcile conflicting evidence, or interfere with a jury decision based on the credibility of witnesses or the weight of the evidence." State v. Yamada, 116 Hawai'i 422, 442, 173 P.3d 569, 589 (App. 2007) (citation omitted). Based upon the verdict, the jury apparently believed Young's brother's version of events. Because "[s]ufficient evidence to support a conviction can be established through the testimony of a single witness[,]" there exists sufficient evidence to disprove Young's claim that he needed to use force to defend himself. Id. (citation and internal quotation marks omitted). See also State v. Aki, 102 Hawai'i 457, 464, 77 P.3d 948, 955 (App. 2003) (finding sufficient evidence for jury to reject justification defense where version of the incident most favorable to state showed defendant was aggressor).

(2) The prosecution adduced sufficient evidence to prove every element of the offense of Abuse of a Household or Family Member.

Abuse of a household or family member requires proof of "physical abuse." HRS § 709-906. Physical abuse requires maltreatment of someone "in such a manner as to cause injury, hurt, or damage to that person's body[.]" State v. Ornellas, 79 Hawai'i 418, 421, 903 P.2d 723, 726 (App. 1995). There was evidence adduced at trial that the complainant sustained "abrasions" or "abrasive scratches" on his back, arms, and leg during the altercation. Although the complaining witness could not pinpoint how he sustained the injuries, it is undisputed that the injuries were sustained during the scuffle. Sufficient

2

evidence supports the jury conclusion that Young caused that scuffle that led to the complainant's injuries.

Young further argues that at most he acted negligently in causing the injuries, and therefore did not act with the state of mind required by the charge. We disagree. A jury may infer a defendant's state of mind from the circumstances surrounding his or her actions. State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996). Witnesses testified that before being subdued and handcuffed, Young swung his arms at the complainant, tried to kick him, and pushed him against a wall. Furthermore, the complainant testified that Young tried to gouge his eyes. From this testimony, the jury could infer that the Young acted intentionally, knowingly, or recklessly in causing the complainant's injuries. Id.

(3) The family court did not abuse its discretion in admitting evidence of a prior incident between Young and complaining witness. Although testimony regarding prior bad acts are usually inadmissable under Hawaii Rules of Evidence (HRE) Rule 404(b) to prove "the character of a person in order to show action in conformity therewith," see State v. Pemberton, 71 Hawai'i 466, 471-72, 796 P.2d 80, 83 (1990), Rule 404(a)(1) allows the prosecution to introduce evidence of a pertinent character trait to rebut testimony of that character trait of the accused when offered by the accused.

Here the family court admitted evidence of a prior fight between Young and the complainant in 2001, for which Young was arrested for abuse of a household or family member, after Young claimed, in testifying in the present case, "I'm a lover, not a fighter." Young objected on appeal that the prosecutor elicited the statement by mischaracterizing Young's prior testimony during direct examination, a tactic which he claims had been disapproved of in United States v. Pantone, 609 F.2d 675 (3rd Cir. 1979). In Pantone, the Third Circuit rejected evidence of the defendant's prior bad acts because it was offered to rebut the defendant's testimony on cross-examination, saying that the

cross-examination went beyond the scope of direct examination, in contravention of Federal Rules of Evidence Rule 611.  Id. at 683-84.

However, Young's general denial was not elicited by the State's question at all, but was a non-responsive retort. Young's retort "I'm a lover, not a fighter" opened the door to testimony regarding the prior incident between Young and the complainant.

We disagree with Young's argument that evidence of the 2001 incident and arrest was not relevant or probative.  A defendant's character for peacefulness and non-violence is a pertinent trait in an assault case.  HRE Rule 404(a) cmt.  See also State v. Rabe, 5 Haw. App. 251, 263, 687 P.2d 554, 562 (1984) ("[T]he prevailing view is that the word 'pertinent' as used in Rule 404(a)(1) is generally synonymous with the word 'relevant', which is defined in Rule 401 as 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'").  Evidence that a person had been in a fight would tend to negate evidence that the person was non-violent.  State v. Moriwaki, 71 Haw. 347, 355, 791 P.2d 392, 396 (1990).  As such, the testimony regarding the 2001 incident and subsequent arrest was relevant and probative of Young's claim that he was "not a fighter."

Even after determining that evidence is admissible under Rule 404(a)(1), the court must inquire whether the evidence's "probative value is substantially outweighed by the danger of unfair prejudice."  State v. Brooks, 123 Hawai'i 456, 470, 235 P.3d 1168, 1182 (App. 2010) (quoting HRE Rule 403). Among the factors to be considered in this balancing test are:

> the strength of the evidence as to the commission of the other bad acts, the similarities between the [other] bad acts [and the charged crime], the time that has elapsed between the [other] bad acts [and the charged crime], the need for the evidence, the efficacy of alternate proof, and

> the degree to which the evidence will probably rouse the
> jury to overmastering hostility.

Id. (quoting State v. Steger, 114 Hawai'i 162, 172, 158 P.3d 280, 290 (App. 2006)). Here, the testimony shows a incident between the complainant and Young that had occurred six years earlier, where Young appeared to be the first aggressor. It was necessary because it was the only evidence offered to rebut Young's claim that he was "not a fighter."

Although testimony regarding the prior incident was unarguably prejudicial, "[t]he prejudicial effect of prior bad-act evidence can be reduced or eliminated by proper jury instructions." Id. at 471, 235 P.3d at 1183. The family court, without objection, instructed the jury to evaluate the evidence of the prior incident "if at all[,] only to rebut the evidence of peacefulness presented by the defendant during his testimony." A jury is presumed to follow the court's instructions. Id. Accordingly, we cannot conclude that the court abused its discretion in admitting the testimony regarding the 2001 incident.

Therefore,

IT IS HEREBY ORDERED that June 6, 2007 judgment of conviction entered in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 16, 2010.

On the briefs:

Melissa N. Lam,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Delanie Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge